IN THE CIRCUIT COURT OF PANOLA COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

ESTATE OF JAMES HAWKINS, BY AND THROUGH         **PLAINTIFF**
THE ADMINISTRATRIX, REBECCA HAWKINS

VS.                                             CAUSE NO.: _____

GOLDEN LIVING CENTER-BATESVILLE                 **DEFENDANT**

## COMPLAINT

COMES NOW, ESTATE OF JAMES HAWKINS, BY AND THROUGH THE ADMINISTRATRIX, REBECCA HAWKINS, by and through counsel and file this cause of action against the Defendants, GOLDEN LIVING CENTER-BATESVILLE, and in support hereof would show unto the Court the following facts, to wit:

### I. JURISDICTION AND VENUE

1. This is a civil action seeking money damages for the personal injuries suffered by JAMES HAWKINS while he was a resident of GOLDEN LIVING CENTER-BATESVILLE.

2. The incidents complained of herein occurred in Batesville, Panola County, Mississippi.

### II. PARTIES

3. The **ESTATE OF JAMES HAWKINS** is filed in the Chancery Court of the Second Judicial District of Panola County, Mississippi. REBECCA HAWKINS was appointed as Administratrix of the Estate of JAMES HAWKINS. A copy of the Order Granting

1

Letters of Administration is attached hereto as Exhibit "A". REBECCA HAWKINS is an adult resident citizen of Panola County, Mississippi.

4. Defendant, GOLDEN LIVING CENTER-BATESVILLE may be served with process through it's administrator James Williams at Golden Living Center-Batesville, 154 Woodland Road, Batesville, MS 38606.

## III. CAUSE OF ACTION: Negligence and Gross Negligence

5. On or about May 27, 2009 and thereafter, JAMES HAWKINS, while a resident at Golden Linving Center-Batesville suffered a severe fall causing him to sustained a right hip fracture that ultimately causually related to the death of James Hawkins on June 9, 2009. The injuries and death of JAMES HAWKINS were due to the negligent and gross negligent acts of the nursing staff of Golden Living Center-Batesville, as described herein below.

6. The personal injuries and death sustained by JAMES HAWKINS were due solely to the negligent, gross negligence, and careless acts of the Defendant. The Defendant had a duty to provide care to JAMES HAWKINS commensurate with his age, infirmity, and disability. The Defendant is liable under the doctrine of respondeat superior for any tortious acts of its employees that are committed within the scope of the employees' duties. At the time of the incidents complained of herein, the Defendant was guilty of negligent acts proximately causing the personal injuries and death of JAMES HAWKINS in the following respects:

    (a) Failure to assess the condition of JAMES HAWKINS;

    (b) Failure to properly monitor the condition of JAMES HAWKINS and significant changes in his condition;

2

(c) Failure to develop an adequate or appropriate care plan, relating to the medical history and condition of JAMES HAWKINS;

(d) Failure to get timely medical treatment for James Hawkins;

(e) Failure to consult or timely consult physician regarding James Hawkins;

(f) Failure to inform the physician or to keep the physician informed of the significant changes relating to the conditions of James Hawkins;

(g) Failure to implement appropriate care plan relating to JAMES HAWKINS;

(h) Failure to prevent falls and injuries to JAMES HAWKINS;

(i) Failure to appropriately treat JAMES HAWKINS;

(j) Failure to properly evaluate JAMES HAWKINS so as to provide appropriate care;

(k) Failed to timely obtain medical treatment;

(l) The failure to provide sufficient numbers of personnel, including nurses, nurse assistant, medication aides, orderlies, to meet the total needs of JAMES HAWKINS conjunction with the needs of other residents of the nursing home;

(m) The failure to adequately screen, evaluate, and check references, test for competence and use ordinary care in selecting nursing personnel to work at the nursing home;

(n) The failure to terminate employees at the nursing home assigned to care for JAMES HAWKINS that were known to be careless, incompetent or unwilling to comply with the policies and procedures of the nursing home and the rules and regulations promulgated by Mississippi Department of Health (MDH) and Mississippi Department of Human Services (MDHS).

3

(o) The failure to adequately assess, evaluate and supervise registered nurses, licensed vocational nurses, nurses aides or assistants, medication assistants, dietary personnel and laundry personnel so as to assure that JAMES HAWKINS received good, proper nursing care in accordance with the nursing home's policies and procedures manuals, the MDHS minimum standards of participation for skilled nursing facilities, the MDH minimum licensing standards for nursing homes, and the regulations of the U.S. Department of Health and Human Services.

(p) The failure to adequately supervise and monitor the job performance of the Administrator of the nursing home.

(q) The failure to adequately supervise and monitor the job performance of the Director of the Nurses at the nursing home.

(r) The failure to provide a nursing staff that was properly manned, qualified, trained and motivated.

(s) The failure to assign nursing personnel at the nursing home duties consistent with their education and experience based on: (1) JAMES HAWKINS' medication history and condition, nursing and rehabilitative needs; (2) the characteristics of the patient population residing on the wing where JAMES HAWKINS was a patient, and (3) the nursing skills needed to provide care to such patient population.

(t) The failure to establish, publish and /or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of JAMES HAWKINS;

(u) The failure to provide and assure an adequate nursing care plan based on the needs of JAMES HAWKINS at the time of his admission to the nursing home.

(v) The failure to provide and assure, adequate nursing care plan revisions and modification as the needs of JAMES HAWKINS changed.

(w) The failure to implement and assure that an adequate nursing care plan for JAMES HAWKINS was followed by nursing personnel.

(x) The failure to adopt adequate guidelines, policies and procedures for: (a) investigating the relevant facts underlying any <u>deficiencies or licensure</u> violations allies found to exist at the nursing home by the MDH or any state or federal survey agency; (b) the cause of any such deficiency, violation, or penalty; and (c) the method and means for correcting deficiencies or licensure violations or penalties found to exist at the nursing home;

(y) The failure to adopt adequate guidelines, policies, and procedures for determining whether the nursing home had sufficient numbers of nursing personnel which includes registered and licensed vocational nurses, nurse assistants, medication assistants, orderlies, and other staff to: (1) provide 24-hour nursing services; (2) meet the needs of residents who are admitted to and remain in the facility; and (3) meet the total nursing needs or recipient-patients.

(z) The failure to adopt adequate guidelines, policies and procedures of the nursing home for documenting, maintaining files, investigating and responding to any complaint regarding the quantity of patient care, the quality of patient care or misconduct by employees at the nursing home, no matter whether such complaint derives from a resident of said facility; an employee of the facility; or any

interested person.

(aa)    The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in patient care at the nursing home.

(bb)    The failure by the members of the governing body of the nursing home to discharge their legal and lawful obligations by (1) assuring that the rules and regulations designed to protect the health and safety of patients, such as JAMES HAWKINS, as promulgated by the Mississippi Department of Health and the Mississippi Department of Human Services were consistently complied with on an ongoing basis; (2) assuring that the patient care policies for the nursing home were consistently complied with on an ongoing basis; (3) assuring that the policy and procedure manuals for the nursing home were updated and modified to address problems which consistently emerged at the facility; and (4) responsibly assuring that appropriate corrective measures were implemented to cure problems concerning inadequate patient care.

13. The negligent acts of the Defendant are in violation of the Minimum Standards of Operation For Institutions for the Aged or Infirm as adopted by Mississippi State Department of Health.

13. The negligent acts of the Defendant are further in violation of the National Standard of Care Created by Medicare Regulations.

## INJURIES

7. The Plaintiff, herein re-allege all prior paragraphs hereinabove as if fully reprinted herein.

8. JAMES HAWKINS suffered a fall that resulted in a fractured hip and with related

6

complications that proximately cause or contributed to death of James Hawkins, all of which was caused the negligence of the defendant as aforementioned.

9. JAMES HAWKINS underwent and continues to undergo severe pain, suffering, disfigurement, disability, permanent scarring, limitation, and other injuries proximately cause or contributed to by the negligence of the defendants as aforementioned.

## V. DAMAGES

10. The Plaintiffs herein allege that JAMES HAWKINS is entitled to recover from the Defendant, who proximately caused the injuries aforesaid all of the damages allowable in the following manner and respects:

(a) Physical pain and suffering from time of injury to death;

(b) Mental and emotional distress following fractured hip until death;

(c) Disability from date of injury to death;

(d) Medical and related cost;

(e) Applicable economic losses;

(f) Loss of companionship and society;

(g) Funeral expenses;

(h) Cost of administration of estate;

**WHEREFORE**, the Plaintiff, sues and demands judgment from and against the Defendant, Golden Living Center-Batesville in an amount sufficient to cover all actual, compensatory, and punitive damages.

Respectfully submitted, this the 19th day of May, 2011.

Levi Boone, III, MSB# 3686
Attorney for Plaintiff

7

BOONE LAW FIRM, P.A.
401 West Sunflower Road
P. O. Box 1772
Cleveland, MS 38732
Telephone:(662) 843-7946
Facsimile:(662)843-7950

8