**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

| | |
|---|---|
| **ESTATE OF JAMES HAWKINS, BY AND THROUGH THE ADMINISTRATRIX, REBECCA HAWKINS** | **PLAINTIFF** |
| **V.** | **CASE NO. 2:11-CV-132** |
| **GGNSC BATESVILLE, LLC d/b/a GOLDEN LIVING CENTER - BATESVILLE** | **DEFENDANT** |

### MEMORANDUM OPINION

This cause comes before the court on the motion **[7]** of Defendant GGNSC Batesville, LLC d/b/a Golden Living Center-Batesville to compel arbitration and/ or dismiss the case. The plaintiff has not responded to the motion.

On or about April 8, 2008, James Hawkins was admitted to the Golden Living Center-Batesville, a residential nursing facility. At the time of admission, Mr. Hawkin's daughter and representative, Marilyn Griffin signed a "Resident and Facility Arbitration Agreement" on his behalf. The agreement provides that

> ...any and all claims, disputes, and controversies (hereafter collectively referred to as a "claim" or collectively as "claims") arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided by the Facility to the Resident shall be resolved exclusively by binding arbitration...and not by a lawsuit or resort to court process.

*See* Def.'s Ex. A. Upon execution, the arbitration agreement became a part of the facility's admission agreement.

On May 19, 2011, the Estate of James Hawkins, by and through Rebecca Hawkins, filed a lawsuit in Panola County Circuit Court against the defendant seeking damages stemming from

injuries Mr. Hawkins allegedly suffered while at the nursing facility which resulted in his death. On June 16, 2011, the case was removed to this court. The defendant filed the instant motion seeking to compel arbitration and/or dismiss the proceedings.

There is a strong national policy in favor of arbitration and all doubts should be resolved in favor of arbitration. *Am. Heritage Life Ins. Co. v. Lang,* 321 F.3d 533, 537 (5th Cir. 2003). The Mississippi Supreme Court has ruled that the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") applies to nursing home admissions agreements that contain an arbitration clause. *Adams Cmty. Care Ctr., LLC v. Reed,* 37 So. 3d 1155, 1158 (Miss. 2010).

When ruling on a motion to compel arbitration, the court must conduct a two-part inquiry. *Washington Mut. Fin. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). First, the court must determine whether the parties agreed to arbitrate the dispute. *Id*. This determination entails the court looking at whether a valid agreement to arbitrate exists and if the dispute in question falls within the scope of that agreement. *Lang,* 321 F.3d at 537. Once the court finds that the parties agreed to arbitrate, it determines whether any federal statute or policy renders the claims nonarbitrable. *Bailey*, 364 at 264.

The FAA gives arbitration agreements "the same force and effect as other contracts" and as such, state contract law applies to the question of whether the parties agreed to arbitrate a dispute. *Washington Mut. Fin. v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). Under Mississippi law, a party cannot be required to arbitrate any dispute which he has not agreed to. *Pre-Paid Legal Servs. v. Battle,* 873 So. 2d 79, 83 (Miss. 2004). However, arbitration agreements are enforceable against a party who did not sign the agreement if the non-signatory is a third party beneficiary. *Adams v. Greenpoint Credit, LLC,* 943 So. 2d 703, 708 (Miss. 2006). In deciding whether a non-signatory is a third party beneficiary, the court must consider whether (1) the

2

contract was entered into for the third party's benefit; (2) whether the promisee owes the third party a legal obligation; and (3) whether that obligation connects the third party to the contract. *Forest Hill Nursing Ctr. v. McFarlan,* 995 So. 2d 775, 782 (Miss. Ct. App. 2008).

In the present matter, James Hawkins did not sign the arbitration agreement. However, he was listed on the agreement as the resident to be admitted to the facility. Mr. Hawkins' care was the primary purpose of the agreement. As his representative, Marilyn Griffin owed Mr. Hawkins a legal obligation to act as his agent. In this particular instance, she executed admission documents on his behalf, which included the subject arbitration agreement. Based on these factors, Mr. Hawkins is a third party beneficiary of the agreement and is bound by its terms. Included in those terms are all claims for negligence and/ or gross negligence. In the complaint, the plaintiff alleges that Mr. Hawkins' death was the result of the defendant's negligence and gross negligence. Since these claims are listed in the express terms of the agreement, it is clear that the dispute in question falls within the scope of the arbitration agreement. The court finds no federal statutes or policies that render the plaintiff's claims nonarbitrable. Therefore, this matter shall be submitted to arbitration.

Dismissal is proper when all of the issues raised in the district court must be submitted to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). As all of the plaintiff's claims must be arbitrated, this case is dismissed without prejudice.

A separate judgment will be issued this date pursuant to Fed. R. Civ. P. 58.

This the 2nd day of November, 2011.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI